**Date Signed:**
**June 22, 2015**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re DOUGLAS HIMMELFARB,<br><br>Debtor. | Case No. 13-00229<br>Chapter 11 |
| DOUGLAS HIMMELFARB,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST INTERNATIONAL DIAMOND, INC. and OVED ANTER,<br><br>Defendant. | Adv. Pro. No. 13-90027 |

MEMORANDUM OF DECISION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Douglas Himmelfarb, the debtor in possession in a chapter 11 case, transferred artworks to the defendants in exchange for money. In this adversary proceeding, he seeks to recover the artworks on several theories. The defendants seek summary

judgment. For the reasons stated below, I recommend that the district court grant the motion in part.

I.   STATEMENT OF FACTS

Mr. Himmelfarb entered into four transactions with defendant Oved Anter. In each instance, Mr. Himmelfarb delivered artworks to Mr. Anter, and Mr. Anter paid money to Mr. Himmelfarb. (The fourth transaction included gem stones as well as artworks.) The dates of the transactions and the amounts paid are:[1]

| January 30, 2009 | $50,000 |
| February 3, 2009 | $100,000 |
| February 6, 2009 | $75,000 |
| February 17, 2009 | $10,000 |

Mr. Anter testifies that all four transactions were outright sales and that, for the first three transactions, Mr. Himmelfarb delivered to him a hand-written bill of sale evidencing an outright sale. Mr. Anter can't find a bill of sale for the fourth transaction.[2] Mr. Anter further testifies that he agreed that Mr. Himmelfarb could buy the artwork back for a reasonable price within a year. An email from Mr. Himmefarb, dated February 13, 2001, says, "I will purchase back art from you – in

---

[1] Dkt. 67-1 at 2; dkt. 75-1 at 9-12.

[2] Dkt. 67-1 at 2-3.

order of the grants that were made as soon as possible."[3] Mr. Himmelfarb never attempted to buy the artworks back.[4] Mr. Anter stands ready to sell the artworks back to Mr. Himmelfarb "in exchange for the monies I paid him plus a reasonable return."[5]

In contrast, Mr. Himmelfarb testifies that the transactions were loans secured by pledges of the artwork and gem stones. He says that Mr. Anter told him that he did not yet have a pawnbroker's license and that the transactions therefore had to be documented as outright sales. According to Mr. Himmelfarb, Mr. Anter agreed that he had as long as necessary to repay the loans, but that interest would continue to accrue as long as the principal remained unpaid, and that the artwork and gems would be returned to him when he repaid the loans with interest.[6] Mr. Himmelfarb says that an associate of the defendants told him, at some point within a year before February 14, 2012, that the transactions were sales and not loans.

The value of the artwork is in dispute. The defendants' expert opines that all of the pieces, except two which were not available for him to inspect, were worth $109,750 in 2009 and are worth no more today.[7] The defendants note that Mr.

---

[3] Dkt. 67-9 at 2.

[4] Dkt. 67-1 at 4.

[5] Dkt. 67-1 at 5.

[6] Dkt. 75-1 at 6-9.

[7] Dkt. 67-12, -13.

U.S. Bankruptcy Court - Hawaii  #13-90027  Dkt # 86  Filed 06/22/15  Page 3 of 11

Himmelfarb paid a total of about $28,000 for all of the artworks.[8] Mr. Himmelfarb claims that the artworks are collectively worth about $1,500,000.[9]

On February 14, 2013, Mr. Himmelfarb filed his chapter 11 petition.

In this adversary proceeding, Mr. Himmelfarb claims that (1) the defendants fraudulently induced him to sign the bills of sale purporting to make an outright transfer of the artwork and gems, and that he is entitled to recover damages and impose a constructive trust on the property (Count I, II and III); (2) the transfers were fraudulent under California law, and that he is entitled to avoid the transfers and recover the property (Count IV, V, and VI); and (3) the artwork and gems are property of the estate and that he is entitled to a turnover order under section 542 of the Bankruptcy Code.[10]

## II.  STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[11] Summary judgment should be granted against a party "who fails to make a showing sufficient to

---

[8] Dkt. 79 at 6.

[9] Dkt. 79 at 6.

[10] Dkt. 26.

[11] Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056.

4

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[12] In determining whether there are issues of material fact, the court must draw all reasonable inferences in favor of the nonmoving party.[13]

B.    Fraudulent Transfers Under California Law

A transfer is fraudulent as to a creditor if the debtor made the transfer if the debtor made the transfer without receiving reasonably equivalent value in exchange for the transfer and he was insolvent when he made the transfer.[14] A debtor is insolvent if, "at fair valuations," the debtor's liabilities are greater than his assets.[15] A debtor is presumed insolvent if he is generally not paying his debts as they become due.[16]

C.    Turnover

An entity that has property of the estate that the trustee "may use, sell, or lease" must deliver it to the debtor in possession and account for it.[17] The court may order

---

[12] Huey v. Honeywell, Inc., 82 F.3d 327, 334 (9th Cir. 1996) (quoting Celotex v. Catrett, 477 U.S. 317, 322 (1986)).

[13] Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1090 (9th Cir. 2013).

[14] Cal. Civ. Code § 3439.05.

[15] Cal. Civ. Code § 3439.02(a).

[16] Cal. Civ. Code § 3439.02(c).

[17] 11 U.S.C. § 542(a); 11 U.S.C. § 1107(a).

U.S. Bankruptcy Court - Hawaii   #13-90027   Dkt # 86   Filed 06/22/15   Page 5 of 11

turnover if the debtor is possession proves by a preponderance of the evidence that "(1) the property is in the possession, custody or control of a noncustodial third party[18]; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522, and (4) that the property is not of inconsequential value or benefit to the estate."[19]

III. DISCUSSION

   A.   Jurisdiction and Venue

Venue is proper, and the bankruptcy court has subject matter jurisdiction,[20] but it lacks authority under the Constitution to enter a final judgment.[21] This decision represents proposed findings of fact and a recommended disposition for the district court's consideration.[22]

   B.   Genuine Disputes of Fact Preclude Summary Judgment on The Issue of Whether The Transactions Were Sales or Pledges

Whether the transactions were outright sales or secured loans bears on most of

---

[18] Meaning a third party who is not a "custodian" as defined in section 101(11).

[19] Fed. R. Bankr. P. 7001(1); 5-542 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy*, ¶ 542.02 (16th ed. 2014).

[20] 28 U.S.C. §§ 157, 1334, 1408(1).

[21] Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Insurance Agency), 702 F.3d 553, 558 (9th Cir. 2012).

[22] Executive Benefits Ins. Agency v. Arkinson, 134 S. Ct. 2165, 2172 (2014).

U.S. Bankruptcy Court - Hawaii   #13-90027   Dkt # 86   Filed 06/22/15   Page 6 of 11

the issues in this case. For example, if the transactions were sales, then Mr. Himmelfarb's turnover claim must fail, because the estate has no interest in the property. On the other hand, if the transactions were secured loans, then the initial transactions could not be fraudulent transfers, because the defendants gave value (the loans) for the transfers.

There is a genuine dispute of fact about the nature of the transactions. Mr. Himmelfarb and Mr. Anter give diametrically opposed testimony on this score. The defendants argue that the bills of sale corroborate Mr. Anter's version, but, under California law, a transfer document that is absolute on its face is construed as a security transfer if the parties so intended.[23] The defendants also argue that there could not have been a loan because there was no agreement on an interest rate or a repayment term. But Mr. Himmelfarb testifies that the parties agreed he could have as long as he needed to repay the loan, and if the parties did not agree on an interest rate, the court could supply a reasonable rate.[24] Mr. Himmefarb also argues that his version is corroborated by Mr. Anter's admitted and continuing willingness to return the

---

[23] Cal. Com. Code §§ 9202, 9203.

[24] City of Los Angeles v. Superior Court of Los Angeles County, 333 P.2d 745, 750 (Cal. 1959) (" Where the matters left for future agreement are unessential, each party will be forced to accept a reasonable determination of the unsettled point or if possible the unsettled point may be left unperformed and the remainder of the contract be enforced."); Restatement (Second) of Contracts § 204 (1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.").

U.S. Bankruptcy Court - Hawaii   #13-90027   Dkt # 86   Filed 06/22/15   Page 7 of 11

property is he is repaid principal and reasonable interest. Both sides' arguments have merit, and I cannot weigh the evidence on a motion for summary judgment.

Therefore, I recommend that the district court not enter a summary judgment deciding whether the transactions were sales or secured loans.

The defendants seek summary judgment on the fraud, misrepresentation, and constructive trust claims (Counts I, II, and III), claiming that Mr. Anter's statements about the nature of the transactions were true. If the jury believes Mr. Himmelfarb's testimony, then the jury likely would find that Mr. Anter's testimony was false. Therefore, genuine issues of fact preclude summary judgment on this point.

    C.    The Plaintiff's Fraudulent Transfer Claims as to The First Three Transactions Are Time-barred.

Under California law, an action to avoid a fraudulent transfer must be commenced within four years of the transfer.[25] Bankruptcy law gives a trustee, and therefore a chapter 11 debtor in possession, two years after the petition date to commence actions that were timely on the petition date.[26]

The first three transactions occurred more than four years before the petition date. Therefore, any fraudulent transfer claims as to those transactions are untimely.

Mr. Himmelfarb argues that, even if his claims to avoid the initial transfers are

---

[25] Cal. Civ. Code §§ 3439.09(a), (b).

[26] 11 U.S.C. § 108(a)(2).

time-barred, he can still avoid the transfer that occurred when the defendants foreclosed their security interest. If it were supported by the facts, this could be a viable theory; for example, if a secured creditor elects to retain its collateral in satisfaction of the debt[27] and the value of the collateral is not reasonably equivalent to the amount of the secured debt, a fraudulent transfer claim might lie. But this argument must fail because there is no evidence that the defendants foreclosed on or elected to retain the collateral. In fact, Mr. Anter has testified under oath that he is still willing to return the property if he is paid his original outlay plus a reasonable return. This binding statement[28] precludes Mr. Himmelfarb's "second transfer" theory.

I therefore recommend that the district court enter a partial summary judgment in favor of the defendants on the fraudulent transfer claims pertaining to the first three transfers.

  D.  Genuine Disputes of Fact Preclude Summary Judgment on The Value of the Property.

If the initial transactions were outright sales, the fraudulent transfer claims turn on whether Mr. Himmelfarb got reasonably equivalent value in return for the artwork; in other words, whether the property was worth about the same as the

---

[27] Cal. Com. Code § 9620(a).

[28] The doctrine of judicial estoppel would preclude the defendants from reversing their position.

U.S. Bankruptcy Court - Hawaii   #13-90027   Dkt # 86   Filed  06/22/15   Page 9 of 11

amount Mr. Anter paid.

Mr. Himmelfarb offers his own opinion of value. The defendants claim that he is not qualified to provide opinion testimony on valuation. For purposes of summary judgment, I disagree. The owner of property is allowed to provide opinion testimony of the property's value.[29]

The defendants also object to Mr. Himmelfarb's testimony because he did not provide an expert report. But expert reports are only required for expert testimony, not admissible lay opinion testimony.[30]

The defendants offer an expert valuation opinion. Mr. Himmelfarb claims that the expert's report is insufficient. I reject that contention; the expert report is sufficient and any additional information could be obtained through discovery.[31] Therefore, Mr. Himmelfarb's motion to strike the expert report is DENIED.

The conflicting opinions of Mr. Himmelfarb and the defendants' expert mean

---

[29] 2 Hon. Barry Russel, *Bankruptcy Evidence Manual*, § 701:2, at 818-19 (2014-15 ed.) ("Courts have generally held that an owner is competent to give his opinion on the value of his property . . . ."). I respectfully disagree with the decisions to the contrary the defendants cited. Those decisions say that, if an owner's valuation testimony is based on "specialized knowledge," the owner's testimony is not admissible under Fed. R. Evid. 701, and only expert valuation testimony is admissible under rule 702. I would not interpret the phrase "specialized knowledge" so broadly as to overrule the traditional doctrine allowing an owner's valuation testimony.

[30] Fed. R. Civ. P. 26(a)(2)'s disclosure requirements apply, by the rule's plain language, to testimony offered under Fed. R. Evid. 702, 703, or 705. Lay opinions are admissible under rule 701, to which rule 26(a)(2) does not apply.

[31] The district court may reach different results when the time comes to present the evidence to a jury. Even if I had the power to do so (which I do not have), I do not intend to tie the district court's hands.

U.S. Bankruptcy Court - Hawaii   #13-90027   Dkt # 86   Filed  06/22/15   Page 10 of 11

that there is a genuine dispute of material fact concerning whether the defendants gave reasonably equivalent value.

IV.   CONCLUSION

I recommend that the district court grant summary judgment in favor of the defendants on the fraudulent transfers claims as to the first three transactions only, and deny the motion in all other respects.

END OF DECISION